UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-mc-00013

**In the matter of
Sonya Chandler Anderson**

**OPINION AND ORDER**

In this matter, the court ordered attorney Sonya Chandler Anderson to show cause why she should not be sanctioned for failing to obey court orders in *United States v. Mitchell*, No. 6:16-cr-00008 (E.D. Tex.), in which she was counsel. Rather than providing any explanation for her failure to obey court orders, Anderson filed an "Objection to Jurisdiction," Doc. 8, arguing (1) that imposing a sanction without a jury trial would violate her due-process rights and (2) that the court should "dismiss [this matter] and refer the Court complaint of professional misconduct against [her] to the proper administrative agency[,] the Texas State Bar." *Id.* at 2.

The court held a hearing at which Anderson was offered another chance to give reasons for her failure to obey court orders or explain why she should not be sanctioned. But she raised only her jurisdictional objection, elaborating that "I just don't trust the judicial system," Doc. 11 at 4:16-17; that "I just don't trust judges anymore," *id.* at 5:17-18, after she discerned "underlying biases and prejudice" in other judges, *id.* at 4:19; that she "do[es] not want to create a record" in this proceeding, *id.* at 5:24-25; and that she is "trying to get out of practicing law," *id.* at 6:23. The court then reviewed the relevant rules and orders and gave Anderson "one more chance to decide if you wish to participate" in the disciplinary proceeding. Doc. 11 at 7:13-14. Anderson again failed to offer any cause for not obeying court orders.

The court now finds that the sanction of a public reprimand is warranted and imposes that sanction.

## Background

**A.** On April 10, 2018, the court substituted Anderson as counsel for defendant Cory Carnell Mitchell in *United States v. Mitchell*, No. 6:16-cr-00008 (E.D. Tex.). *See* Attachment A (docket sheet). Anderson is registered with the court's electronic-filing system, which constitutes consent to receive service and notice of judicial orders by email. E.D. Tex. Local R. CV-77. Registration with the court's electronic-filing system imposes on attorneys an obligation to "maintain their own account information, including changes in e-mail address." *Id.* at CV-5(a)(2)(A). And all attorneys have a duty to obey court orders, *id.* at AT-2(d)(1)(B), and conduct litigation properly, *id.* at AT-2(d)(1)(D), which of course entails keeping the court apprised of their current contact information.

In 2020, Mitchell filed in his criminal case a pro se motion to reduce his prison sentence. *See* Attachment A, Doc. 252 (Apr. 8, 2020). Anderson's appearance as Mitchell's counsel in that case had not been terminated and remained in effect. The court denied Mitchell's pro se motion. *Id.* (Apr. 14, 2020). Mitchell then again filed a pro se motion for a sentence reduction, which the court denied. *Id.*, Doc. 254 (Apr. 24, 2020). The court explained that a defendant is not entitled to representation both pro se and through counsel simultaneously, and the court ordered Anderson to either confer with her client regarding the representation and file a motion on his behalf, if appropriate, or else file a motion to withdraw as his counsel. *Id.*, Doc. 255 (Apr. 29, 2020).

Anderson did neither. She did not file a motion on Mitchell's behalf for a sentence reduction. Nor did she file a motion to withdraw as his counsel. Mitchell, however, filed another pro se motion for a sentence reduction. *Id.*, Doc. 256 (July 20, 2020). The court then ordered Anderson to show cause within 14 days why she should not be sanctioned for failing to obey the court's order to either move on her client's

behalf for a sentence reduction or move to withdraw as counsel. *Id.*, Doc. 257 (July 30, 2020). The court struck Mitchell's pro se motion as improper because Anderson remained his counsel of record when the motion was filed. *Id.*, Doc. 262 (Aug. 26, 2020). Anderson did not respond to the court's show-cause order within 14 days. Citing Anderson's failure to respond to two court orders, the court discharged Anderson as counsel in that case so that Mitchell could proceed pro se. *Id.*, Doc. 261 (Aug. 20, 2020).

**B.** Under Local Rule AT-2(d)(1), the court may "take any appropriate disciplinary action against any attorney" for infractions "after an attorney has been given an opportunity to show cause to the contrary." Accordingly, the court initiated this disciplinary proceeding against Anderson and ordered her to show cause, within 28 days, why she should not be sanctioned for failure to obey the above-cited court orders. Doc. 1 at 2. The matter was not referred to the chief judge under Local Rule AT-2(d)(2), however, because the record did not show "that conduct which might warrant suspension or disbarment has occurred, as opposed to conduct that might warrant a lesser sanction such as probation, reprimand, or limitation of future practice." *Id.*

Given Anderson's registration with the court's electronic-filing system, the court's show-cause order was served on her by email in accordance with the court's local rules. Delivery to Anderson's email account succeeded and resulted in a reply email, which was placed on the docket in this matter. Doc. 2. That email, however, appears to be an automated reply from Anderson, stating that she "will not be available for the next few days." *Id.* at 1. The email stated that "thereafter my return I will follow up and respond to every E-mail and call, Thank you for your patients." *Id.* (verbatim).

On September 15, 2020, Anderson sent court staff another email, which was also placed on the docket. Doc. 3. The email states: "I got found the order today and i am drafting a

respone .d I will draft the motion to withdraw." *Id.* at 1 (verbatim). The email referenced the docket number of the *Mitchell* criminal matter. But Anderson did not file a response to the show-cause order in the *Mitchell* matter or this matter.

Accordingly, the court ordered Anderson to appear telephonically for a disciplinary hearing. Doc. 5. On the day of the hearing, Anderson filed a document entitled "Sonya Chandler Anderson Special Appearance, and Objection to Jurisdiction." Doc. 8 at 1 (capitalization altered). She appeared to argue that her constitutional right against the deprivation of life, liberty, or property without due process of law requires a jury trial before a court may impose attorney discipline and, therefore, this disciplinary proceeding should be dismissed and the "allegation against her" "should only be investigated and prosecuted by the Texas Bar." *Id.* at 1-2.

Anderson attached to her objection an email sent by her to the clerk's office on Sunday, November 8, 2020 (the day before the hearing). Doc. 8-2. The email stated, "I am not register [sic] with the Eastern District of Texas any longer" and asked the courtroom deputy clerk to file her jurisdictional objection and proposed order. *Id.* The clerk's office fulfilled the request to file those documents. But neither in her written objection nor at the hearing did Anderson make any contention about her registration, in any sense, with the court. And court records show that Anderson is still a member of the court's bar and remains registered with the court's electronic-filing system.

At the disciplinary hearing, Anderson declined to create a record of any good cause for, or other facts in mitigation of, her failure to obey court orders. Instead, Anderson stood on her argument that sanctions may be constitutionally imposed only after a jury trial initiated by the Texas State Bar, noting her distrust of judges acting without a jury. A transcript of the hearing has now been docketed. *See* Doc. 11.

Lastly, the court notes that the record in the *Mitchell* case contains an August 26, 2020 note by a clerk's office member

relaying that Anderson called and said that she (Anderson) had started sending email notices in the *Mitchell* case to her spam folder. Attachment A (Aug. 26, 2020). The court places no weight on that staff note in the *Mitchell* case for purposes of this disciplinary proceeding. First, the staff note does not purport to be a verbatim recollection of any statement by Anderson and was entered for purposes of the criminal case, not this matter. Second, the statements attributed to Anderson in the staff note would not help her. Sending court notices to a spam-email folder is not good cause for failing to obey court orders. Indeed, it would confirm an attorney's inability to conduct litigation properly.

Rather than attaching any weight to the staff note, the court explicitly gave Anderson the chance to develop a record in this proceeding on whether she received notice of the court's orders or had good cause for not obeying those orders. Doc. 11 at 8:16-24. But Anderson declined to do so. *Id.* at 5:24-25 ("I do not want to create a record"); *id.* at 14:19-20 ("I'm going to take my own advice – don't create a record"). Accordingly, the record gives no explanation for, or facts in mitigation of, Anderson's failure to obey court orders.

## Analysis

The court's analysis begins with Anderson's argument that the Fifth Amendment right against deprivation of life, liberty, or property without due process of law requires a jury trial before a court disciplines a member of its bar. Anderson fails to cite any case so holding, and her argument is without merit. Even assuming that all forms of attorney discipline implicate a liberty or property interest cognizable under the Fifth Amendment's Due Process Clause, that clause does not require a jury trial. It requires due process of law. And balancing the factors enunciated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts consistently hold that the process due in a disciplinary proceeding is notice and an opportunity to be heard, not a jury trial. *E.g.*, *In re Cordova-Gonzalez*, 996 F.2d

1334, 1336 (1st Cir. 1993) (holding that "the due process rights of an attorney in a disciplinary proceeding do not extend so far as to guarantee the full panoply of rights afforded to an accused in a criminal case" and that only notice and an opportunity to be heard are required) (cleaned up); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2005) (holding that "a district court need only provide notice and an opportunity to be heard before revoking an attorney's *pro hac vice* status"); *Johnson v. Trueblood*, 629 F.2d 302, 303 (3d Cir. 1980) (holding that only "some type of notice and an opportunity to respond" are required when a district court seeks to revoke an attorney's *pro hac vice* admission because of professional-responsibility violations); *Jabary v. McCullough*, No. 4:10-cv-00711, 325 F.R.D. 175, 198-200 (E.D. Tex. Mar. 19, 2018) (detailing process for disciplinary proceeding for violation of this court's rules; no jury trial involved).

Contrary to Anderson's view, "[a] lawyer disciplinary proceeding is not a criminal proceeding." *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990). As a result, "normal protections afforded a criminal defendant do not apply." *Id.* Anderson cites no case holding that the protections of a jury trial are constitutionally required before a court imposes discipline on a member of its bar.

Anderson has received the process due not only under the Constitution but also under this court's rules. As noted above, Local Rule AT-2(d)(1) allows the court to "take any appropriate disciplinary action" against an attorney for failure to comply with a court order or inability to conduct litigation properly "after an attorney has been given an opportunity to show cause to the contrary." This proceeding has given Anderson notice of the grounds for disciplinary action and opportunity to show cause why discipline should not issue. Anderson could have chosen to participate in this proceeding on the merits while also preserving her due-process argument. But she chose to make only a due-process

objection, explaining that her choice was animated by a distrust of the judicial system and a desire not to create a record. As a result of Anderson's unwillingness to develop a record on the merits in this disciplinary matter, the court is unable to find any good cause or excuse for Anderson's failure to obey court orders and finds that her repeated failure to do so reflects an inability to conduct litigation properly.

The court does not relish imposing attorney discipline and has considered the range of available sanctions, striving to impose the least severe sanction appropriate under the circumstances. A public reprimand is one of several sanctions available for attorney misconduct. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988) (noting a court's ability to reprimand an attorney in a published opinion as discipline for violating a Federal Rule of Criminal Procedure); *United States v. Hasting*, 461 U.S. 499, 506 n.5 (1983) (listing public chastisement of an errant attorney as a permissible form of discipline for prosecutorial misconduct); *In re Williams*, 156 F.3d 86, 91 (1st Cir. 1998) (characterizing the availability of public sanctions for attorney misconduct as "unarguable"); Am. Bar Ass'n, *Model Rules for Lawyer Disciplinary Enforcement*, Rule 10 (July 20, 2020) (sanction of "reprimand by the court" to be "published in the official reports"). Having considered all the circumstances, the court finds that a public reprimand is appropriate for Anderson's failure to obey court orders. That failure to obey court orders also constitutes an inability to conduct litigation properly, for which the court again finds that a public reprimand is appropriate.

## Conclusion

For the reasons stated above, Sonya Chandler Anderson is **publicly reprimanded** for failure to comply with orders of the court and for inability to conduct litigation properly. This proceeding is ordered **unsealed**, and the clerk of the court will send copies of this final disciplinary action in accordance with Local Rule AT-2(e).

*So ordered by the court on December 3, 2020.*

_____
J. CAMPBELL BARKER
United States District Judge